O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11
March 14 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 11-164 PSG (JCx) | Date | March 10, 2011 |
|---|---|---|---|
| Title | Soft Gel Technologies, Inc. v. Jarrow Formulas, Inc. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** (In Chambers) Order Denying Defendant's Motion to Dismiss Count II of Plaintiff's Complaint

Pending before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendant's motion.

On January 6, 2011, Plaintiff Soft Gel Technologies, Inc. ("Plaintiff") sued Defendant Jarrow Formulas, Inc. ("Defendant") for declaratory judgment, seeking a declaration that Plaintiff's products do not infringe Defendant's patent (Count I) and that Defendant's patent is invalid (Count II). Defendant allegedly sent Plaintiff a letter asserting that Plaintiff "has been infringing, and continues to infringe" Defendant's United States Patent No. 7,588,786 (the "'786 Patent"), which covers a "Eutectic-Based Self-Nanoemulsified Drug Delivery System", by "making, using, selling, and/or offering to sell certain CoQ10 products, including . . . CoQsol-CF and CoQsol-CF Translucent formulations." *See Compl.* ¶¶ 6-7. On February 1, 2011, Defendant filed the pending motion seeking to dismiss Count II of the Complaint.

Defendant argues that Count II of Plaintiff's Complaint, which seeks a declaration that Defendant's '786 Patent is invalid, should be dismissed because it fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Mot.* 1:4-14. The Court disagrees. Plaintiff alleges (1) that Defendant claims to own the '786 Patent, (2) that Defendant sent Plaintiff a letter accusing Plaintiff of infringing the '786 Patent, (3) that Plaintiff's "CoQsol-CF and Coqsol-CF Translucent formulations" are the supposedly infringing products, (4) that

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#11
March 14 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-164 PSG (JCx) | Date | March 10, 2011 |
|---|---|---|---|
| Title | Soft Gel Technologies, Inc. v. Jarrow Formulas, Inc. | | |

Defendant's patent is invalid "for failure to meet one or more of the requirements for patentability as set forth in the patent laws of the United states, including 35 U.S.C. §§ 102, 103 and/or 112," and "for lack of an enabling disclosure." *See Compl.* ¶¶ 6-7, 15-17. The Court finds that Plaintiff has provided fair notice of its claims in accordance with Rule 8(a)(2). *See Microsoft Corp. v. Phoenix Solutions, Inc.*, ___ F. Supp. 2d ___, 2010 WL 5782967, at *2-3 (C.D. Cal. Aug. 18, 2010) (explaining that the Federal Rules of Civil Procedure and appended Form 18 only require a plaintiff to make "bare allegations" with respect to the direct infringement or invalidity of a patent); *see also McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) (relying on Form 16, now Form 18, appended to the Federal Rules of Civil Procedure, entitled "Complaint for Patent Infringement," and concluding that because Federal Rule of Civil Procedure 84 requires a court to accept pleadings in conformance with the forms appended to the Rules, bare allegations of patent infringement like those on Form 16 are therefore sufficient for purposes of notice pleading and Rule 8); *Teirstein v. AGA Medical Corp.*, No. CV 08-14 LD, 2009 WL 704138, at *4 (E.D. Tex. March 16, 2009).[1] As a result, Defendant's Motion to Dismiss Count II of the Complaint is DENIED.

**IT IS SO ORDERED.**

---

[1] The Court also notes that according to the Patent Case Management Judicial Guide:

> Infringement complaints are usually sparse and conclusory. Typically the holder will merely allege that a defendant is directly or indirectly infringing a patent. The asserted patents must be identified . . . The Complaint should also provide a statement of ownership of the asserted patent, identify the accused infringer(s), [and] provide a brief statement of the alleged infringing acts.

Peter S. Menell *et al.*, Patent Case Management Judicial Guide § 2.2.3.1 (Federal Judicial Center 2009). The Patent Case Management Judicial Guide goes on to address pleading patent invalidity and states that, like allegations of infringement, allegations of invalidity "need not be plead with particularity. [A party] typically recite[s] only that the patent is invalid, and may identify sections of the Patent Act, such as §§ 101, 102, 103, or 112 . . . this sort of notice pleading satisfies the Federal Rules of Civil Procedure." *Id*. at § 2.2.3.3.1